UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

Sharon Narinesingh,

                              Plaintiff,

             -against-

Fedex Ground Package System Inc.,

                              Defendant.

------------------------------------------------------------------------ X

Case No. _____

## NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Defendant FedEx Ground Package System Inc. ("Defendant" or "FedEx Ground") hereby notices the removal of this action, which Plaintiff Sharon Narinesingh ("Plaintiff" or "Narinesingh") commenced against FedEx Ground in the Supreme Court for the State of New York, Nassau County, captioned *Sharon Nareinesingh. v. Fedex Ground Package System Inc.*, Index No. 607467/2022 (the "State Court Action"), to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

      1.      On June 8, 2022, Plaintiff commenced the State Court Action by filing the Complaint against Defendant alleging violations of the New York State Human Rights Law and seeking "compensatory [damages], punitive damages, attorneys' fees, and such other and further relief as the Court deems just in an amount not to exceed $1 million dollars." *See* **Exhibit A**.

      2.      Plaintiff served the Complaint on the New York Department of State ("DOS") on June 16, 2022. *See* **Exhibit B**.

      3.      While Plaintiff served a copy of the Complaint on the DOS on June 16, 2022, Defendant's designated agent for service, CT Corporation System, never received the Complaint from the DOS. *See* **Exhibits C, G and H.**

4. Although Defendant never received the Complaint, on July 31, 2022, Plaintiff filed a Motion for Default Judgment. See **Exhibit D.**

5. Plaintiff never served Defendant with the Motion for Default Judgment. See **Exhibit C** at ¶ 9.

6. In fact, Defendant only became aware of this Complaint on August 4, 2022, when a copy was received in the mail at FedEx Ground's principal place of business located at 1000 Fedex Drive, Moon Township, Pennsylvania, 15108 from Plaintiff's counsel. See **Exhibits C** at ¶ 8 and **E.**

7. Upon receipt of the Complaint in the mail, Defendant reviewed the docket in the State Court Action, and became aware for the first time that Plaintiff had filed a Motion for Default Judgment. See **Exhibit C** at ¶ 9.

8. On August 18, 2022, the Parties jointly filed a Stipulation to extend Defendant's time to file its opposition to Plaintiff's Motion for Default Judgment.[1] See **Exhibit F**.

9. Accordingly, Defendant's Notice of Removal is timely because it was filed within 30 days of August 4, 2022—the date FedEx Ground received the Complaint in the mail. See 28 U.S.C. Section 1446(b)(1) (notice of removal to be "filed within 30 days after the *receipt* by the defendant, through service or otherwise.") (emphasis added); see Boone v. Thane, 2009 WL 910556, at*2 (E.D.N.Y. Mar. 31, 2009) ("[W]hen service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the *defendant* receives personal service of the summons and complaint.") (citations omitted) (emphasis added); see Grello v. J.C. Penny Corp., 2003 WL 22772397 at * 2 (S.D.N.Y. Nov. 21, 2003) ("In this Circuit '[t]he

---

[1] As set forth above, Defendant's registered agent, CT Corporation System, never received a copy of the Summons and Complaint from the New York Department of State.

heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'") (citing *Cygielman v. Cunard Line*, 890 F. Supp. 305, 307 (S.D.N.Y. Jun. 27, 1995)); *see Medina v. Wal-Mart Stores*, 945 F. Supp. 519, 520 (W.D.N.Y. Nov. 13, 1996) ("That the New York Business Corporation Law recognizes service of process as being complete in civil actions brought against a corporation authorized to do business in the state once the Secretary of State has been served is not relevant to [the] question of whether defendant's notice of removal is timely.  A strict reading of [28 U.S.C. § 1446(b)] supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings."); *see Moran v. Trans States Airlines, LLC*, 2020 WL 5912391, *3 (S.D.N.Y. Oct. 6, 2020) ("As Defendant correctly notes, service on a statutory agent does not trigger the 30-day removal period.").

10. In accordance with 28 U.S.C. Section 1446(a), a copy of the Complaint, together with all process, pleadings and orders served upon Defendant, as contained in the State Court Action record, is attached hereto as **Exhibit A**.

## VENUE

11. The Supreme Court of New York, County of Nassau, is located in the Eastern District of New York.

12. Therefore, venue for purposes of removal is proper under 28 U.S.C. Section 1446(a) because the Eastern District of New York is the district court for the district and division within which the Complaint is pending.

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a). This case involves an amount in controversy that exceeds $75,000, exclusive of costs and interest, and complete diversity of citizenship exists.

14. The parties are completely diverse. According to the Summons, Plaintiff is a resident of the County of Nassau, New York. *See* **Exhibit A**, at ¶ 3.

15. As a corporation, FedEx Ground is "a citizen of the state in which it is incorporated and the state of its principal place of business." *See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Defendant FedEx Ground Package System Inc. is a corporation organized under the laws of Delaware, and has its principal place of business located at 1000 FedEx Drive, Moon Township, Pennsylvania 15108 *See* **Exhibit C** at ¶ 2. Thus, FedEx Ground is considered a citizen of Delaware and Pennsylvania, and not of New York.

16. Although Plaintiff does not quantify the exact amount of damages that she seeks in the Complaint, she states that she is seeking "compensatory, punitive damages, attorneys fees and such other and further relief as the Court deems just *in an amount not to exceed $1 million dollars*." *See* **Exhibit A** at ¶ 9. (emphasis added).

17. This Court has consistently held that the removing party may make an assertion in the notice of removal as to the amount in controversy when a complaint does not contain a specific amount in controversy. *See Arter v. Pathmark Stores, Inc.*, 2014 WL 7426792, at * (E.D.N.Y. Dec. 31, 2014) ("To determine the amount in controversy, courts should first look to the plaintiff's complaint and then to the defendant's petition for removal."). Defendant's assertion of the amount in controversy need only "include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (citing H.R.Rep. No. 112–10, p. 16 (2011)); *see also Jean-Louis v. Carrington Mortg.,* 849 Fed. Appx. 296, 299 (2d Cir. Mar. 4, 2021) (summary order).

18. The amount in controversy plausibly exceeds $75,000 based on Plaintiff's hostile work environment claim under the New York State Human Rights Law ("NYSHRL"), which allows for uncapped compensatory damages. Moreover, in Plaintiff's Affidavit in Support of Motion for Default Judgment she expressly states that she is seeking more than $75,000 in damages, as she requests "that the Court award [her] $100,000 in compensatory damages for the emotional upset at being the victim of this treatment based on [her] age." *See* **Exhibit D**.

19. In the Second Circuit, "garden variety emotional distress claims generally merit $30,000 to $125,000 awards." *Olsen v. County of Nassau,* 615 F. Supp. 3d 35, 46 (E.D.N.Y. May 7, 2009) (internal quotations omitted). However, "significant" and "egregious" cases of emotional distress can warrant substantially more. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp.3d 68, 96-97 (E.D.N.Y. Sep. 26, 2020) ("For a 'significant' emotional distress claim…courts have awarded damages ranging from $50,000 to $100,000…[I]n egregious cases,…damages have been awarded in excess of $100,000.); *Lore v. City of Syracuse,* 670 F.3d 127, 177 (2d Cir. 2012) ("This Court has…affirmed awards of $125,000 each to plaintiffs for emotional distress…"). This fact may be considered by the Court in assessing the amount in controversy. *Bercy v. Am. Airlines, Inc.*, 2011 WL 2490716, at *2 (E.D.N.Y. Jun. 22, 2022) (noting that in cases where a complaint does not state a specific demand for damages, a court may consider, among other factors, "whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions.").

20. Accordingly, this case may be removed because the amount in controversy is satisfied and there is complete diversity of citizenship. 28 U.S.C. § 1441(b).

21. Defendant has arranged for service of the Notice of Removal, together with a copy of all process, pleadings, and orders served upon Defendant in the State Court action (and attached hereto as **Exhibit A**) personally on counsel for the Plaintiff and for filing of a copy of the Notice of Removal in the State Court Action in accordance with 28 U.S.C. § 1446(d), to be completed promptly after the filing of this Notice of removal.

**WHEREFORE**, Defendant FedEx Ground Package System Inc. hereby notifies this Court, Plaintiff, and the Supreme Court for the State of New York, Nassau County that the above-captioned matter, now pending in the Supreme Court for the State of New York as Index No. 607467/2022, is hereby removed to this Court.

Dated: September 1, 2022
       New York, New York                     Respectfully submitted,

                                              *s/ Justin Reiter*
                                              Justin Reiter
                                              Fisher & Phillips LLP
                                              Times Square Tower
                                              7 Times Square, Suite 4300
                                              New York, NY 10036
                                              Phone: (212) 899-9960
                                              Fax: (212) 956-1971
                                              jreiter@fisherphillips.com

                                              *Attorneys for Defendant*