UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Sharon Narinesingh,**  Plaintiff,  v.  **FedEx Ground Package System Inc.,**  Defendant. | No. 2:22-cv-05235-NM-AYS  **Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

On October 21, 2022, Plaintiff Sharon Narinesingh's cause of action—in which she seeks damages arising out of alleged aged-based workplace discrimination during her employment with Defendant FedEx Ground Package System, Inc.—was remanded to the Supreme Court of the State of New York, Nassau County. *See* Order dated Oct. 21, 2022 (Brown, J.). Two days earlier, Plaintiff had consented to the district court's remand order under certain terms and conditions later agreed to by the Court, to wit: (1) that the Court's prior rulings in the federal proceeding would have no preclusive effect on plaintiff's state-court claims, except that (2) her "potential recovery" in state court "is capped at $75,000." *Id.*; *see also* Pl.'s Mot. to Remand to State Court, ECF No. 14.

Five days after the entry of Judge Gary R. Brown's remand order, this case was administratively transferred to the undersigned pursuant to a random reassignment by the Clerk of Court.

On November 4, 2022, Plaintiff filed a letter requesting clarification as to one aspect of the conditions set forth in Judge Brown's Order of Remand: namely, whether the "cap[]" imposed on Plaintiff's "potential recovery" in state court is inclusive or exclusive of attorney's fees and costs.

Plaintiff's request was prompted by a position regarding her potential

- 1 -

recovery that Defendant asserted on remand. Defendant contends that the cap on damages agreed to by the parties, and which provided the jurisdictional basis for the Court's remand order, is inclusive of potential attorney's fees. Defendant asks that the Court either order that Plaintiff is bound by a prior agreement to cap her total recovery in state court at $75,000—inclusive of both damages and attorney's fees—or rescind the remand order. Plaintiff disagrees, arguing that while her recovery of damages may not exceed $75,000, she may—if she prevails in state court—seek an award of additional attorney's fees and costs, without running afoul of Judge Brown's Order of Remand.

It is undisputed that the basis for the remand previously agreed to by the parties and ordered by the Court was premised on Plaintiff's stipulation as to the total amount in controversy in this action. Plaintiff's concession that the "amount in controversy" does not exceed $75,000 deprived the federal district court of jurisdiction under 28 U.S.C. § 1332(a). The question posed by the parties' request for "clarification" of Judge Brown's order, then, may properly be reframed as whether the "amount in controversy" referenced in 28 U.S.C. § 1332(a) necessarily includes the sum total not only of a plaintiff's estimated damages, but *also* any attorney's fees a plaintiff may seek to recover if she is the prevailing party. This Court concludes that it does not.

For that reason, as well as others related to the facts and procedural history of this case as set forth below, the Court declines to enter an order limiting Plaintiff's total recovery in state court to $75,000 inclusive of fees and costs. Nor will this Court revoke the earlier Order of Remand. Instead, the Court holds that the Order of Remand does not bar Plaintiff from seeking damages in state court up to, but not exceeding, $75,000; and, if she ultimately prevails on her state-court claim, she may then ask the state court to award her additional attorney's fees and/or costs. Similarly, the Order of Remand does not prevent Plaintiff from seeking a settlement of this action in which the total amount paid by Defendant pursuant to the settlement exceeds $75,000, provided that any amount over that threshold be allocated solely to attorney's fees and/or costs.

## BACKGROUND

Plaintiff, who worked at a FedEx Ground sorting facility for

approximately one-and-a-half years, alleges that her two managers made derogatory comments about her age. *See* Compl., ECF No. 1-1, at 3-4. In June 2022, she filed suit in the Supreme Court of the State of New York, County of Nassau, alleging "unlawful discriminatory workplace harassment" under the New York State Human Rights Law. *Id.* at 3. While Plaintiff's counsel requested judgment in her favor "in the amount of $100,000 together with costs and fees," her complaint did not include a specific allegation as to the damages she had incurred from the claimed violation of her rights. *See id.* at 3-4, 8. On September 1, 2022, Defendant removed this case to federal court. *See* Notice of Removal, ECF No. 1. On September 22, 2022, Defendant requested a pre-motion conference to present a proposed motion to dismiss. *See* Mot. for Pre-Mot. Conference, ECF No. 10, at 1.

At the October 13, 2022, conference, Judge Brown told Plaintiff's counsel that if this were a case where the damages were "likely to be $75,000 or under," the Court would "not have jurisdiction to proceed." *See* Tr. dated Oct. 13, 2022 ("Oct. 13 Tr."), ECF No. 16-1, at 3. Judge Brown then dismissed the case without prejudice and allowed Plaintiff to either file an amended complaint or move to remand. *Id.* at 9. Eight days later, upon Plaintiff's motion, Judge Brown remanded the case to state court, ordering that his rulings in this matter "shall have no collateral estoppel or other preclusive effect on plaintiff's claims except that her potential recovery is capped at $75,000." *See* Order dated Oct. 21, 2022.

Plaintiff and Defendant now seek clarification from this Court on whether Plaintiff's stipulated and court-ordered "cap[]" on her recovery in state court includes not just an award of damages, but also any claim Plaintiff might make for attorney's fees if she prevails. *See generally* Letter re Damages Cap ("Pl. Letter"), ECF No. 15; Letter re damages cap and remand to State Court ("Def. Letter"), ECF No. 16.

Neither party disputes that a district court may remand a matter if a plaintiff stipulates that the plaintiff will not seek more than $75,000 in damages. *See* Def. Letter, ECF No. 16, at 2 (citing *Luce v. Kohl's Dept. Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014)). Yet Defendant's counsel argues that if Plaintiff seeks to recover $75,000 and additional attorney's fees, then the "amount in controversy" under 28 U.S.C. § 1332(a) exceeds $75,000 and remand was improper. *Id.* Defendant further contends that this issue should be resolved before this case proceeds any further in state court,

- 3 -

to determine whether the case should remain remanded. *See id.*

For her part, Plaintiff assures the Court that she is not seeking to "back out" of her agreement to cap her total recovery at $75,000. *See* Pl. Letter, ECF No. 15. She also offers that she could find no "definitive legal authority" addressing the specific issue of whether such a cap includes or excludes potential attorney's fees. *Id.* However, Plaintiff declines to stipulate to any fee-inclusive cap on her total recovery at $75,000 at this time. *Id.* Instead, Plaintiff asks this Court to either resolve the issue in her favor now, or—in the alternative—to direct the parties to continue their state-court litigation on the merits, while deferring the question of whether Plaintiff may recover a total award (inclusive of attorney's fees) in excess of $75,000 until the litigation advances to that point, since she may or may not recover a damages-plus-fees judgment in excess of $75,000. *Id.*

The Court is mindful of the fact that the parties' present dispute could be entirely moot at some future point in their state-court litigation. For example, the question upon which the parties now seek clarification would be a non-issue if Plaintiff's state-court action is dismissed before a settlement or trial; if she prevails on the merits, but the state court declines to award attorney's fees; or if she prevails on the merits, and the state court awards attorney's fees, but the combination of her damages and fees still proves to be below $75,000.

On the other hand, in each of those scenarios, Defendant would still need to litigate some or all of the underlying action in state court without any certainty as to the maximum amount of potential exposure it faces—a certainty that Defendant apparently believed it had when the federal district court "capped" the total amount of Plaintiff's recovery as a condition of remand. Thus, the resolution of this question may impact Defendant's litigation strategy or settlement position as the matter proceeds. This Court concludes that Defendant—as the party who removed this action to federal court, and in light of the conditions of the district court's grant of Plaintiff's motion to remand—is entitled to resolution of this outstanding issue before the state-court litigation proceeds.

On the merits, however, the Court does not agree with Defendant's interpretation of 28 U.S.C. § 1332(a) as it applies to the "cap[]" on Plaintiff's total recovery set forth in the prior district judge's Order of Remand. Thus,

while this Court grants Defendant's request to resolve the issue without further delay, it declines to interpret or apply a $75,000 limit on Plaintiff's ultimate recovery that includes both damages and attorney's fees.

## ANALYSIS

A federal court does not have diversity jurisdiction over a civil action unless the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). However, when considering whether a federal court has such jurisdiction, "attorney's fees only calculate into the jurisdictional amount in controversy if they are 'recoverable as a matter of right.'" *Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 55 (2d Cir. 2018) (quoting *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972)); *see also Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85-86 (2d Cir. 2012) (same); *Brandon v. O'Mara*, No. 10 Civ. 5174 (RJH), 2011 WL 4478492 (S.D.N.Y. Sept. 28, 2011) (finding that the "plain text" of 28 U.S.C. § 1332(a) required the Court to consider a $70,000 amount in controversy *exclusive of* a $50,000 request for attorney's fees and costs); *Kim v. Trulia, LLC*, 19-CV-06733 (DLI) (RER), 2021 WL 8743946, at *5 (E.D.N.Y. Mar. 31, 2021) (noting, in remanding a case brought under the Class Action Fairness Act of 2005 on jurisdictional grounds, that "[w]hen a court has discretion to award attorney's fees under a state statute, attorney's fees cannot be included in the jurisdictional amount" (citation omitted)).

Under the New York State Human Rights Law, when a plaintiff seeks relief in court for an unlawful discriminatory practice, a court has discretion over whether to award reasonable attorney's fees to a prevailing party. *See* N.Y. Exec. Law §§ 296; 297(9)-(10). Plaintiff has alleged the unlawful discriminatory practice of age discrimination under the state human rights law and sought relief in court. *See* Compl., ECF No. 1-1, at 3-4. Since any award of attorney's fees in Plaintiff's underlying state court action were she to prevail would be a matter of discretion and not a matter of right, any potential fee award could not be used to satisfy the amount-in-controversy requirement, were this case in federal court.

Defendant nevertheless contends that since Plaintiff refused to stipulate to a cap on total "damages and fees in an amount less than $75,000," the amount in controversy exceeds $75,000 and Plaintiff has essentially reduced her demand to "defeat federal diversity jurisdiction." *See*

Def. Letter, ECF No. 16, at 3.

To support this contention, Defendant cites a singular case in which a federal district court declined to remand an insurance dispute to state court. *See id.* at 2-3 (citing *Ventilla v. Pac. Indem. Co.*, No. 1:20-cv-08462 (MKV), 2021 WL 1894276 (S.D.N.Y. May 11, 2021)). In *Ventilla*, the court noted only that *if* the plaintiff had offered to stipulate to "damages and fees less than $75,000," it "largely would [have] defeat[ed] any argument" that the amount in controversy exceeded $75,000. *Ventilla,* 2021 WL 1894276, at *2. However, the plaintiff in *Ventilla* made no such stipulation. Instead, that court declined to remand after concluding that there was more than a reasonable probability that the amount of actual damages in controversy was in excess of $75,000, because, among other reasons, the plaintiff had represented to the defendant in pre-filing communications that plaintiff had suffered a loss of $256,000, and had filed a federal complaint pleading damages "exceed[ing] $75,000, exclusive of interests and costs." *See id.* at *1-2. In other words, *Ventilla* did not actually pose—much less resolve—the question of whether the amount-in-controversy requirement of § 1332(a) is satisfied where a plaintiff's damages do not exceed $75,000, but an additional, discretionary award of attorney's fees could make the total judgment exceed $75,000.

Simply put, Defendant is correct that 28 U.S.C. § 1332(a)'s amount-in-controversy provision is the appropriate framework through which to interpret the terms of Plaintiff's stipulated remand in this case, and to understand the terms of the court-ordered "cap[]" on "total recovery" that Plaintiff is bound to accept. But Defendant is incorrect that this provision should be interpreted to bar her from seeking a total judgment, inclusive of any fees she may be awarded, that may exceed $75,000. As long as Plaintiff does not seek or obtain an award of damages in excess of $75,000—which she has unequivocally represented she will not—this order does not preclude her, under either 28 U.S.C. § 1332(a) or her earlier agreement, from seeking a discretionary award of attorney's fees on top of any such judgment.

## CONCLUSION

This Court declines to rescind the October 21, 2022, Order of Remand to Supreme Court of the State of New York, County of Nassau, case number 607467/2022. Under that order and Plaintiff's prior agreement, Plaintiff may

not seek or recover damages in excess of $75,000. Thus, if Plaintiff prevails or settles, this Court's order shall not be construed to limit the recovery of costs and attorney's fees in addition to any damages recovered—even if those amounts, in the aggregate, exceed $75,000.

SO ORDERED.

>  /s/ NRM
> NINA R. MORRISON
> United States District Judge

Dated: December 8, 2022
Brooklyn, New York